**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Patricia Smith-Baker, | No. CV-16-02733-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| TMI Hospitality Incorporated, *et al.*, | |
| Defendants. | |

On April 3, 2017, the Court issued its Scheduling Order (Doc. 32), which included that "Motions to amend the complaint and to join additional parties shall be filed no later than **May 26, 2017**." On May 30, May 31, and June 12, 2017, Plaintiff filed Amended Complaints (Docs. 36, 37, 40) without filing a Motion to Amend the Complaint, as required by Federal Rule of Civil Procedure 15(a)(2), and without complying with Federal Rule of Civil Procedure 16(b)(4) and Local Rule 15.1(a).

A party may amend a complaint once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (citation and internal quotations omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be

guided by the underlying purpose of Rule 15–to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotations omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotations omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

Here, Defendants have already answered Plaintiff's prior Complaint (Doc. 24), and the period in which Plaintiff could have amended her Complaint as a matter of course has passed. As a result, absent Defendants' written consent, Plaintiff must file a motion to amend in which Plaintiff demonstrates that her proposed amendments are not futile and do not cause undue delay or otherwise prejudice Defendants.

In addition, Local Rule 15.1(a) requires a party moving for leave to amend a complaint to attach a copy of the proposed amended complaint as an exhibit to the motion, "which must indicate in what respect it differs from the pleading it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." Plaintiff's proposed amended Complaints (Docs. 36, 37, 40) do not comply with these provisions.

Finally, Federal Rule of Civil Procedure 16(b)(4) provides that the deadlines in the Scheduling Order "may be modified only for good cause and with the judge's consent." A motion to amend the Complaint filed after the deadline set forth in the Scheduling Order is equivalent to a motion to amend the case schedule, which must meet the "good cause" requirement of Rule 16(b)(4). *See Morgal v. Maricopa Cty. Bd. of Supervisors*, 284 F.R.D. 452, 459 (D. Ariz. 2012). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Thus, a party moving to amend the

1 Complaint must first demonstrate that she worked diligently to comply with the schedule as set forth in the Scheduling Order. *Id.* at 459-60. Plaintiff makes no such showing here.

Because Plaintiff did not file a motion requesting leave to file an amended Complaint, as required by Rule 15(a)(2), did not demonstrate that she was diligent during the period set forth in the Scheduling Order for amending the complaint but was nevertheless unable to timely file a motion to amend, as required by Rule 16(b)(4), and did not attach an exhibit indicating how the amended Complaint differs from the prior Complaint, as required by Local Rule 15.1(a), the Court must strike Plaintiff's latest amended Complaint (Doc. 40). The Court will give Plaintiff one opportunity to file a Motion to Amend that complies with all of the relevant Rules by June 26, 2017.

IT IS THEREFORE ORDERED striking Plaintiff's Third Amended Complaint (Doc. 40). Plaintiff may file a motion to amend pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16 and Local Rule 15.1(a) by June 26, 2017.

Dated this 15th day of June, 2017.

Honorable John J. Tuchi
United States District Judge